# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY P. CAROTHERS, | Case No. SACV 12-1450-JST (JEM) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| P. JIRON, et al., | |
| Defendants. | |

On September 10, 2012, Gregory P. Carothers ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

## SCREENING STANDARDS

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on

1  which relief may be granted, allegations of material fact are taken as true and construed in

2  the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir.

3  1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual

4  allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of

5  a civil rights complaint may not supply essential elements of the claim that were not initially

6  pled.'"  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

7  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

8         Although a complaint "does not need detailed factual allegations" to survive

9  dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic

10  recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly,

11  550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in

12  Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations

13  sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely

14  possible or conceivable.  Id. at 557, 570.

15         Simply put, the complaint must contain "enough facts to state a claim to relief that is

16  plausible on its face."  Id. at 570.  A claim has facial plausibility when the complaint presents

17  enough facts "to draw the reasonable inference that the defendant is liable."  Ashcroft v.

18  Iqbal, 556 U.S. 662, 678 (2009).  This standard is not a probability requirement, but "it asks

19  for more than a sheer possibility that a defendant has acted unlawfully."  Id.  A complaint

20  that pleads facts that are merely consistent with liability stops short of the line between

21  possibility and plausibility.  Id.

22         In a pro se civil rights case, the complaint must be construed liberally to afford

23  plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621,

24  623 (9th Cir. 1988).  Unless it is clear that the deficiencies in a complaint cannot be cured,

25  pro se litigants are generally entitled to a notice of a complaint's deficiencies and an

26  opportunity to amend prior to the dismissal of an action.  Lucas v. Dept. of Corrections, 66

27  F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Karim-Panahi, 839 F.2d at 623.  Only if

28  it is absolutely clear that the deficiencies cannot be cured by amendment should the

1    complaint be dismissed without leave to amend.  Id. at 623; see also Cato v. United States,

2    70 F.3d 1103, 1106 (9th Cir. 1995); McQuillon v. Schwarzenegger, 369 F.3d 1091, 1099

3    (9th Cir. 2004) (where amendment would be futile, complaint may be dismissed without

4    leave to amend).

5         After careful review and consideration of the Complaint under the relevant standards

6    and for the reasons discussed below, the Court finds that the Complaint must be

7    **DISMISSED WITH LEAVE TO AMEND.**

8                                    **PLAINTIFF'S ALLEGATIONS**

9         Plaintiff alleges that his Fourteenth Amendment right to due process was violated

10   when he was placed in administrative segregation ("Ad-Seg") in the disciplinary housing unit

11   at the Orange County Jail in Santa Ana, California.  Plaintiff alleges that the conditions in

12   Ad-Seg are severely restrictive as compared to the general housing unit ("GHU").  Plaintiff

13   names the following individual defendants: Corrections Officer P. Jiron, who interviewed

14   Plaintiff prior to his transfer from the GHU to Ad-Seg based on the assessment that Plaintiff

15   was a gang member; Classification Supervisor Cruz, who allegedly failed to respond

16   adequately to Plaintiff's grievances regarding his Ad-Seg placement; and Chief of Security

17   Castillo, who allegedly failed to respond adequately to Plaintiff's grievances regarding his

18   Ad-Seg placement.  Plaintiff alleges that he never received a fair hearing on his initial Ad-

19   Seg placement or an adequate response to his subsequent grievances.  He claims that, as

20   a result of his wrongful placement and retention in Ad-Seg, he was placed in handcuffs and

21   leg restraints, which caused him to fall down a flight of stairs and suffer serious injuries.

22        Plaintiff also names "Santa Ana Jail" as a defendant, and claims that Jail policies

23   resulted in his Ad-Seg placement and retention and his physical and psychological injuries

24   suffered during his four and a half months in Ad-Seg.

25                                          **DISCUSSION**

26        Having reviewed the Complaint pursuant to the standards set forth above, the Court

27   has determined that Plaintiff's claims do not withstand screening for the following reasons:

28

**I.      Plaintiff Has Failed to Allege Sufficient Facts to State a Due Process Claim**

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriving any person of life, liberty, or property, without the due process of law."  U.S. Const. Amend. XIV.  The procedural guarantees of due process apply only when a constitutionally-protected liberty or property interest is at stake.  See Wolff v. McDonnell, 418 U.S. 539, 557–58 (1974); see also Wilkinson v. Austin, 545 U.S. 209, 221 (2005); Sandin v. Conner, 515 U.S. 472, 483-84, 487 (1995).  Protectible liberty interests arise from the Fourteenth Amendment's Due Process Clause itself, or from state laws or regulations deemed to have created a liberty interest cognizable as a civil right.  Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974).

Changes in a prisoner's conditions of confinement can amount to a deprivation of a liberty interest constitutionally protected under the Due Process Clause, but only if the liberty interest in question is one of real substance.  Sandin, 515 U.S. at 477-78.  A prisoner possesses such a liberty interest "when a change occurs in confinement that imposes an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir. 2000) (quoting Sandin, 515 U.S. at 484); see also Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003). The court's threshold inquiry, accordingly, is whether the conditions of a plaintiff's confinement imposed an "atypical and significant hardship" implicating a protected liberty interest.  If a sufficiently substantial liberty interest is at stake, the court must then evaluate whether the process received comported with minimum procedural due process requirements.  See, e.g., Wilkinson, 545 U.S. at 224.

When a prisoner is placed in administrative segregation, due process requires that prison officials: (1) conduct an informal nonadversarial review of the evidence justifying the decision to segregate the prisoner within a reasonable time of placing the prisoner in administrative segregation; (2) provide the prisoner with some notice of the charges before the review; and (3) give the prisoner an opportunity to present his views.  See Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986) (abrogated in part on other grounds by

4

1  _Sandin_, 515 U.S. 472).  The prisoner is not entitled to a "detailed written notice of charges,

2  representation by counsel or counsel-substitute, an opportunity to present witnesses, or a

3  written decision describing the reasons for placing the prisoner in administrative

4  segregation."  Id. at 1100-01.  If a prisoner is to be retained in administrative segregation,

5  officials must periodically review the initial placement.  Id. at 1101; see also Toussaint v.

6  McCarthy, 926 F.2d 800, 803 (9th Cir. 1990) (review of administrative segregation every

7  120 days satisfied due process).

8        Plaintiff states in wholly conclusory fashion that the proceedings by which he was

9  placed in Ad-Seg were unfair and his subsequent complaints about his classification were

10  ignored.  He repeatedly states that he did not receive a "fair and meaningful hearing."

11  Plaintiff has failed to set forth sufficient facts demonstrating that he did not receive the due

12  process required for placement and retention in Ad-Seg.  Rather, the documents attached to

13  the Complaint indicate that Plaintiff did receive responses to his grievances and regular

14  reviews of his classification status.  There are insufficient facts alleged regarding the initial

15  Ad-Seg hearing.

16        In sum, Plaintiff has failed to allege facts sufficient to support a due process claim

17  based on his placement and retention in Ad-Seg.

18  **II.    Plaintiff Has Failed to State a Monell Claim Against Orange County**

19        Plaintiff names "Santa Ana Jail" as a defendant.  It appears that Orange County,

20  which operates the Jail through the Orange County Sheriff's Department, would be the

21  proper defendant.

22        A local government entity such as Orange County "may not be sued under § 1983 for

23  an injury inflicted solely by its employees or agents.  Instead, it is only when execution of a

24  government's policy or custom, whether made by its lawmakers or by those whose edicts or

25  acts may fairly be said to represent official policy, inflicts the injury that the government as

26  an entity is responsible under § 1983."  Monell v. New York City Dep't. of Social Services,

27  436 U.S. 658, 694 (1978).  Orange County can be held liable for the alleged actions of its

28  officers unless "the action that is alleged to be unconstitutional implements or executes a

1  policy statement, ordinance, regulation, or decision officially adopted or promulgated by that

2  body's officers," or if the alleged constitutional deprivation was "visited pursuant to a

3  governmental 'custom' even though such a custom has not received formal approval

4  through the body's official decision-making channels."  Monell, 436 U.S. at 690-91; see also

5  Redman v. County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991).

6          Here, Plaintiff states in conclusory fashion that his injuries were a result of Jail

7  policies.  He does not specifically identify any policy statements, regulations, officially

8  adopted or promulgated decisions, customs, or practices by which any agent of Orange

9  County allegedly inflicted the injuries about which Plaintiff is complaining.  The Court,

10  therefore, finds that the allegations of the Complaint are insufficient to state a Monell claim

11  against Orange County.

12                                    * * * * * * * * *

13          For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO**

14  **AMEND**.

15          If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended

16  Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies

17  discussed above.  Plaintiff must name separately each individual defendant against whom

18  he brings his claims, identify clearly the factual basis for each of his claims and the

19  particular constitutional violation, and articulate the connection between each named

20  defendant and each claim.

21          If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket

22  number assigned in this case; (2) be labeled "First Amended Complaint"; (3); be filled out

23  exactly in accordance with the directions on the form; and (4) be complete in and of itself

24  without reference to the previous complaints or any other pleading, attachment or

25  document.  The Clerk is directed to provide Plaintiff with a blank Central District of California

26  civil rights complaint form, which Plaintiff must fill out completely and resubmit.

27          **Plaintiff is admonished that, if he fails to file a First Amended Complaint by the**

28  **deadline set herein, the Court will recommend that this action be dismissed on the**

1  **grounds set forth above for failure to prosecute and failure to comply with a Court**

2  **order.**

3

4  DATED: <u>October 16, 2012</u>                    <u>/s/ John E. McDermott</u>

5                                      JOHN E. MCDERMOTT
                                       UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28