# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY P. CAROTHERS, | Case No. SACV 12-1450-JST (JEM) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| P. JIRON, et al., | |
| Defendants. | |

On September 10, 2012, Gregory P. Carothers ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

**SCREENING STANDARDS**

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on

1 which relief may be granted, allegations of material fact are taken as true and construed in
2 the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.
3 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual
4 allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of
5 a civil rights complaint may not supply essential elements of the claim that were not initially
6 pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
7 Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

8 Although a complaint "does not need detailed factual allegations" to survive
9 dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic
10 recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly,
11 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in
12 Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations
13 sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely
14 possible or conceivable. Id. at 557, 570.

15 Simply put, the complaint must contain "enough facts to state a claim to relief that is
16 plausible on its face." Id. at 570. A claim has facial plausibility when the complaint presents
17 enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v.
18 Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks
19 for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint
20 that pleads facts that are merely consistent with liability stops short of the line between
21 possibility and plausibility. Id.

22 In a pro se civil rights case, the complaint must be construed liberally to afford
23 plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621,
24 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured,
25 pro se litigants are generally entitled to a notice of a complaint's deficiencies and an
26 opportunity to amend prior to the dismissal of an action. Lucas v. Dept. of Corrections, 66
27 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Karim-Panahi, 839 F.2d at 623. Only if
28 it is absolutely clear that the deficiencies cannot be cured by amendment should the

complaint be dismissed without leave to amend.  Id. at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); McQuillon v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004) (where amendment would be futile, complaint may be dismissed without leave to amend).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that the Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that his Fourteenth Amendment right to due process was violated when he was placed in administrative segregation ("Ad-Seg") in the disciplinary housing unit at the Orange County Jail in Santa Ana, California.  Plaintiff alleges that the conditions in Ad-Seg are severely restrictive as compared to the general housing unit ("GHU").  Plaintiff names the following individual defendants: Corrections Officer P. Jiron, who interviewed Plaintiff prior to his transfer from the GHU to Ad-Seg based on the assessment that Plaintiff was a gang member; Classification Supervisor Cruz, who allegedly failed to respond adequately to Plaintiff's grievances regarding his Ad-Seg placement; and Chief of Security Castillo, who allegedly failed to respond adequately to Plaintiff's grievances regarding his Ad-Seg placement.  Plaintiff alleges that he never received a fair hearing on his initial Ad-Seg placement or an adequate response to his subsequent grievances.  He claims that, as a result of his wrongful placement and retention in Ad-Seg, he was placed in handcuffs and leg restraints, which caused him to fall down a flight of stairs and suffer serious injuries.

Plaintiff also names "Santa Ana Jail" as a defendant, and claims that Jail policies resulted in his Ad-Seg placement and retention and his physical and psychological injuries suffered during his four and a half months in Ad-Seg.

## DISCUSSION

Having reviewed the Complaint pursuant to the standards set forth above, the Court has determined that Plaintiff's claims do not withstand screening for the following reasons:

## I. Plaintiff Has Failed to Allege Sufficient Facts to State a Due Process Claim

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriving any person of life, liberty, or property, without the due process of law." U.S. Const. Amend. XIV. The procedural guarantees of due process apply only when a constitutionally-protected liberty or property interest is at stake. See Wolff v. McDonnell, 418 U.S. 539, 557–58 (1974); see also Wilkinson v. Austin, 545 U.S. 209, 221 (2005); Sandin v. Conner, 515 U.S. 472, 483-84, 487 (1995). Protectible liberty interests arise from the Fourteenth Amendment's Due Process Clause itself, or from state laws or regulations deemed to have created a liberty interest cognizable as a civil right. Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974).

Changes in a prisoner's conditions of confinement can amount to a deprivation of a liberty interest constitutionally protected under the Due Process Clause, but only if the liberty interest in question is one of real substance. Sandin, 515 U.S. at 477-78. A prisoner possesses such a liberty interest "when a change occurs in confinement that imposes an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir. 2000) (quoting Sandin, 515 U.S. at 484); see also Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003). The court's threshold inquiry, accordingly, is whether the conditions of a plaintiff's confinement imposed an "atypical and significant hardship" implicating a protected liberty interest. If a sufficiently substantial liberty interest is at stake, the court must then evaluate whether the process received comported with minimum procedural due process requirements. See, e.g., Wilkinson, 545 U.S. at 224.

When a prisoner is placed in administrative segregation, due process requires that prison officials: (1) conduct an informal nonadversarial review of the evidence justifying the decision to segregate the prisoner within a reasonable time of placing the prisoner in administrative segregation; (2) provide the prisoner with some notice of the charges before the review; and (3) give the prisoner an opportunity to present his views. See Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986) (abrogated in part on other grounds by

4

Sandin, 515 U.S. 472). The prisoner is not entitled to a "detailed written notice of charges, representation by counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." Id. at 1100-01. If a prisoner is to be retained in administrative segregation, officials must periodically review the initial placement. Id. at 1101; see also Toussaint v. McCarthy, 926 F.2d 800, 803 (9th Cir. 1990) (review of administrative segregation every 120 days satisfied due process).

Plaintiff states in wholly conclusory fashion that the proceedings by which he was placed in Ad-Seg were unfair and his subsequent complaints about his classification were ignored. He repeatedly states that he did not receive a "fair and meaningful hearing." Plaintiff has failed to set forth sufficient facts demonstrating that he did not receive the due process required for placement and retention in Ad-Seg. Rather, the documents attached to the Complaint indicate that Plaintiff did receive responses to his grievances and regular reviews of his classification status. There are insufficient facts alleged regarding the initial Ad-Seg hearing.

In sum, Plaintiff has failed to allege facts sufficient to support a due process claim based on his placement and retention in Ad-Seg.

**II.     Plaintiff Has Failed to State a Monell Claim Against Orange County**

Plaintiff names "Santa Ana Jail" as a defendant. It appears that Orange County, which operates the Jail through the Orange County Sheriff's Department, would be the proper defendant.

A local government entity such as Orange County "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. New York City Dep't. of Social Services, 436 U.S. 658, 694 (1978). Orange County can be held liable for the alleged actions of its officers unless "the action that is alleged to be unconstitutional implements or executes a

policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." Monell, 436 U.S. at 690-91; see also Redman v. County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991).

Here, Plaintiff states in conclusory fashion that his injuries were a result of Jail policies. He does not specifically identify any policy statements, regulations, officially adopted or promulgated decisions, customs, or practices by which any agent of Orange County allegedly inflicted the injuries about which Plaintiff is complaining. The Court, therefore, finds that the allegations of the Complaint are insufficient to state a Monell claim against Orange County.

\* \* \* \* \* \* \* \* \*

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above. Plaintiff must name separately each individual defendant against whom he brings his claims, identify clearly the factual basis for each of his claims and the particular constitutional violation, and articulate the connection between each named defendant and each claim.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3); be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court will recommend that this action be dismissed on the**

**grounds set forth above for failure to prosecute and failure to comply with a Court order.**

DATED: October 16, 2012                     */s/ John E. McDermott*
                                            JOHN E. MCDERMOTT
                                            UNITED STATES MAGISTRATE JUDGE