# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY P. CAROTHERS,<br><br>    Plaintiff,<br><br>  v.<br><br>P. JIRON, et al.,<br><br>    Defendants. | Case No. SACV 12-1450-JST (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

  On September 10, 2012, Gregory P. Carothers ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

  On October 16, 2012, the Court issued a Memorandum and Order Dismissing Complaint With Leave to Amend. On November 15, 2012, Plaintiff filed a First Amended Complaint ("FAC").

**SCREENING STANDARDS**

  In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the FAC before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured,

2

pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action.  Lucas v. Dept. of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Karim-Panahi, 839 F.2d at 623.  Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend.  Id. at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); McQuillon v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004) (where amendment would be futile, complaint may be dismissed without leave to amend).

After careful review and consideration of the FAC under the relevant standards and for the reasons discussed below, the Court finds that the FAC must be **DISMISSED WITH LEAVE TO AMEND.**

### PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that his Fourteenth Amendment rights to due process and equal protection were violated when he was placed in administrative segregation ("Ad-Seg") at the Santa Ana Jail in Santa Ana, California.  Plaintiff alleges that the conditions in Ad-Seg are severely restrictive as compared to the general housing unit ("GHU").  Plaintiff further alleges that he was subject to cruel and unusual punishment in violation of the Eighth Amendment when officers failed to assist Plaintiff down a flight of stairs while he was in handcuffs and leg restraints, which caused him to fall and suffer injuries.  (FAC at 5.)

Specifically, Plaintiff alleges that, on January 14, 2012, upon admittance to the Jail, he was transferred out of the GHU and into Ad-Seg, Level 6, which was "the most severe category available. . . . Designation to this unit deprives a person from normal levels of liberty which is granted to inmates in GHU."  Plaintiff outlines the differences between the conditions in the GHU and Ad-Seg in order to establish that the conditions in Ad-Seg are substantially more restrictive.

Plaintiff alleges that, on January 14, 2012, Officer P. Jiron conducted an interview with Plaintiff.  During the interview, Jiron alleged that Plaintiff was a member of a gang and that, as a result of this gang affiliation, Plaintiff was being reclassified and moved to Ad-Seg.

Plaintiff denies the gang affiliation, and states that his prior prison records would corroborate his claim.  Plaintiff alleges that Defendants had no documentation to support his placement in Ad-Seg as a gang member.  Plaintiff alleges that he had not violated any Jail policies or regulations and, therefore, was wrongfully punished by his placement in Ad-Seg.  Plaintiff alleges that Defendants Cruz and Castillo failed to respond adequately to his grievances regarding his Ad-Seg placement and failed to review his status in a timely manner.

Finally, Plaintiff alleges that Defendant Corona and two other officers failed to assist Plaintiff down a flight of stairs while he was in handcuffs and leg-restraints.  Plaintiff has only one eye and, therefore, is visually impaired.  Plaintiff fell down the stairs and sustained injuries.  Plaintiff claims that it was "obvious" that he could not navigate the stairs safely in these conditions, and that Corona "showed negligent indifference by not assisting me in the walk down the stairs."

Plaintiff names the following Defendants in their official capacities: Ann Matulin, Acting Warden of Santa Ana Jail; Correctional Officer P. Jiron, who conducted Plaintiff's initial interview after being placed in Ad-Seg; Correctional Officers Cruz and Castillo, who allegedly failed to respond adequately to Plaintiff's grievances regarding his Ad-Seg placement; and Correctional Officer Corona, who allegedly failed to assist Plaintiff down the stairs while he was in handcuffs and leg restraints.  (FAC at 3-4.)

## DISCUSSION

Having reviewed the Complaint pursuant to the standards set forth above, the Court has determined that Plaintiff's claims do not withstand screening for the following reasons:

**I.    Plaintiff Must Amend His Monell Claim Against Defendants**

Plaintiff names each Defendant in his official capacity only. The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991).  Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 159.

4

Plaintiff claims that the Santa Ana Jail is operated by the Santa Ana Police Department and that Jail policies are set by the Warden. Based on these allegations, it appears that the entity at issue is the Santa Ana Police Department ("SAPD"). A local government entity such as the SAPD "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. New York City Dep't. of Social Services, 436 U.S. 658, 694 (1978). The SAPD can be held liable for the alleged actions of its officers unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." Monell, 436 U.S. at 690-91; see also Redman v. County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991).

Plaintiff claims that his due process and equal protection rights were violated when he was placed and retained in Ad-Seg. He further claims that he was subject to deliberate indifference to his safety because he was forced to walk down stairs without assistance, while in handcuffs and leg restraints, which caused him to sustain injuries.

Plaintiff vaguely alleges that these constitutional violations were committed pursuant to Jail policies. However, Plaintiff must allege facts identifying specific Jail policies, regulations, officially adopted or promulgated decisions, customs, or practices by which any agent of the SAPD allegedly inflicted the injuries about which Plaintiff is complaining, and how they led to the constitutional violations at issue. For example, if Plaintiff chooses to file an amended complaint, he should identify clearly the policies, customs, or practices at the Jail relating to placement and retention in Ad-Seg and the escorting of restrained inmates.

**II.     Plaintiff Has Failed to State a Due Process Claim**

In pursuing his claims against Defendants in their official capacities, Plaintiff not only must show that his claimed injuries were suffered pursuant to Jail policy, custom or practice, he must also show that his constitutional rights were violated pursuant thereto.

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriving any person of life, liberty, or property, without the due process of law." U.S. Const. Amend. XIV.  The procedural guarantees of due process apply only when a constitutionally-protected liberty or property interest is at stake.  See Wolff v. McDonnell, 418 U.S. 539, 557–58 (1974); see also Wilkinson v. Austin, 545 U.S. 209, 221 (2005); Sandin v. Conner, 515 U.S. 472, 483-84, 487 (1995).  Protectible liberty interests arise from the Fourteenth Amendment's Due Process Clause itself, or from state laws or regulations deemed to have created a liberty interest cognizable as a civil right.  Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Wolff, 418 U.S. at 557-58.

Changes in a prisoner's conditions of confinement can amount to a deprivation of a liberty interest constitutionally protected under the Due Process Clause, but only if the liberty interest in question is one of real substance.  Sandin, 515 U.S. at 477-78.  A prisoner possesses such a liberty interest "when a change occurs in confinement that imposes an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir. 2000) (quoting Sandin, 515 U.S. at 484); see also Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003). The court's threshold inquiry, accordingly, is whether the conditions of a plaintiff's confinement imposed an "atypical and significant hardship" implicating a protected liberty interest.  If a sufficiently substantial liberty interest is at stake, the court must then evaluate whether the process received comported with minimum procedural due process requirements.  See, e.g., Wilkinson, 545 U.S. at 224.

When a prisoner is placed in administrative segregation, due process requires that prison officials: (1) conduct an informal nonadversarial review of the evidence justifying the decision to segregate the prisoner within a reasonable time of placing the prisoner in

1  administrative segregation; (2) provide the prisoner with some notice of the charges before
2  the review; and (3) give the prisoner an opportunity to present his views.  See Toussaint v.
3  McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986) (abrogated in part on other grounds by
4  Sandin, 515 U.S. 472).  The prisoner is not entitled to a "detailed written notice of charges,
5  representation by counsel or counsel-substitute, an opportunity to present witnesses, or a
6  written decision describing the reasons for placing the prisoner in administrative
7  segregation." Id. at 1100-01.  If a prisoner is to be retained in administrative segregation,
8  officials must periodically review the initial placement.  Id. at 1101; see also Toussaint v.
9  McCarthy, 926 F.2d 800, 803 (9th Cir. 1990) (review of administrative segregation every
10 120 days satisfied due process).

Plaintiff alleges facts to establish that the conditions in Ad-Seg imposed an atypical and significant hardship in relation to the ordinary incidents of prison life.  However, Plaintiff also must allege facts demonstrating that the process by which he was placed and retained in Ad-Seg did not comply with the standards set forth in the prior paragraph.  If Plaintiff chooses to file an amended complaint, he must set forth sufficient facts establishing that, pursuant to Jail custom, policy, or practice, prison officials: (1) did not conduct an informal nonadversarial review of the evidence justifying the decision to segregate Plaintiff within a reasonable time of placing the prisoner in administrative segregation; (2) did not provide Plaintiff with some notice of the charges before the review; (3) did not give Plaintiff an opportunity to present his views; and (4) did not provide Plaintiff with periodic review of his Ad-Seg placement.  See Toussaint, 801 F.2d at 1100; see also Toussaint, 926 F.2d at 803.

### III.  Plaintiff Has Failed to State an Equal Protection Claim

There are two theories under which a plaintiff can state an equal protection claim.  Under the theory applicable here,[1] Plaintiff must allege facts establishing: (1) he is a

---

[1] Under an alternate theory, a plaintiff also may state an equal protection claim by alleging facts demonstrating: (1) he is a member of a protected class, such as race; (2) defendants treated him differently from other similarly situated persons; and (3) defendants acted with an intent or purpose to discriminate against him based on his membership in the protected class.  Village of Arlington Heights v. Metropolitan Housing Development Corp.,

member of an identifiable class; (2) he was intentionally treated differently than others similarly situated; and (3) there is no rational basis for the difference in treatment. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000).

Here, Plaintiff appears to allege that he is a member of an identifiable class (inmates confined to Ad-Seg) and that he was intentionally treated differently than other inmates in the GHU. However, he has failed to allege facts demonstrating that there is no rational basis for the difference in treatment. He also must show that any alleged equal protection violation occurred pursuant to Jail custom, policy, or practice.

**IV. Plaintiff Has Failed to State an Eighth Amendment Claim**

Plaintiff alleges that he was subject to cruel and unusual punishment in violation of the Eighth Amendment because officers acted with deliberate indifference to his safety. Plaintiff's deliberate indifference claim appears to arise from an incident where he fell down a flight of 23 stairs while handcuffed and in leg restraints.

A government actor is "deliberately indifferent" in violation of the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1970).

Here, Plaintiff has alleged that prison officials were "negligent" in failing to assist him down the stairs while he was handcuffed and in leg restraints. However, mere negligence is insufficient to demonstrate deliberate indifference. <u>City of Canton v. Harris</u>, 489 U.S. 378, 390 (1989) (municipal liability exists only where the municipality acts with "deliberate indifference" to the rights of the plaintiff); <u>see</u> <u>also</u> <u>Dougherty v. City of Covina</u>, 654 F.3d 892, 901–02 (9th Cir. 2011) (mere negligence in training or supervision does not give rise to a <u>Monell</u> claim). Plaintiff must allege facts demonstrating that Defendants knew of and deliberately disregarded an excessive risk to his safety when they failed to assist him down

---

429 U.S. 242, 265 (1977); <u>Flores v. Morgan Hill Unified School Dist.</u>, 324 F.3d 1130, 1134 (9th Cir. 2003); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 687 (9th Cir. 2001).

the stairs while he was in handcuffs and leg restraints. Plaintiff also must allege facts demonstrating that, in failing to assist Plaintiff down the stairs, the officers acted in accordance with Jail policy, custom, or practice.

\* \* \* \* \* \* \* \* \*

For the reasons set forth herein, the FAC is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above. Plaintiff must name separately each individual defendant against whom he brings his claims, identify clearly the factual basis for each of his claims and the particular constitutional violation, and articulate the connection between each named defendant and each claim.

If Plaintiff chooses to file a Second Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "Second Amended Complaint"; (3); be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a Second Amended Complaint by the deadline set herein, the Court will recommend that this action be dismissed on the grounds set forth above for failure to prosecute and failure to comply with a Court order.**

DATED: February 13, 2013          /s/ John E. McDermott
                                                            JOHN E. MCDERMOTT
                                              UNITED STATES MAGISTRATE JUDGE